UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MITSUO YASUI CARDONA FONSECA,

Petitioner,

v. Case No.: 2:26-cv-02393-SPC-NPM

WARDEN OF GLADES COUNTY DETENTION CENTER *et al.*,

Respondents,

______________________________________/

**OPINION AND ORDER**

Before the Court is Mitsuo Yasui Cardona Fonseca's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 4).

Cardona Fonseca is a native and citizen of Honduras who entered the United States without inspection in 2019. On June 29, 2026, Immigration and Customs Enforcement (ICE) arrested Cardona Fonseca while executing a search warrant on a residence. Cardona Fonseca was not a subject of the warrant, was not accused of any criminal conduct, and had not been charged as removable. He has never been convicted of a crime. ICE commenced removal proceedings on July 10, 2026, by issuing a notice to appear. On July 28, 2026, an immigration judge denied Cardona Fonseca's request for release on bond.

Cardona Fonseca asserts two grounds for habeas relief: (1) his arrest and detention violates the Fourth and Fifth Amendments and (2) the bond hearing was unfair. In response, the government certifies Cardona Fonseca is detained under 8 U.S.C. § 1226(a) and argues § 1226(e) and § 1252(g) strip the Court of jurisdiction. The government is half right. § 1226(e) prohibits the Court from reviewing the immigration judge's discretionary bond decision.

But neither of the cited sections strip the Court of jurisdiction to consider Cardona Fonseca's constitutional challenge to his arrest and detention. § 1252(g)'s jurisdictional bar is narrow. "The provision applies only to three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (482 (1999) (emphasis in original); *see also Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) ("We did not interpret [§ 1252(g)] to sweep in any claim that technically can be said to 'arise from' the three listed actions of the Attorney General). Cardona Fonseca's constitutional challenge to his arrest and detention falls under the Court's habeas jurisdiction.

The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or

permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). It is thus "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976).

The Court finds a clear Fifth Amendment violation here because the government did not afford Cardona Fonseca the process required by governing statutes and regulations. 8 U.S.C. § 1226(a) states, "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." The timing of the warrant, notice to appear, and arrest is important. 8 C.F.R. § 1236.1(b) states, "*At the time of issuance of the notice to appear, or at any time thereafter* and up to the time removal proceedings are completed, the respondent may be arrested and taken into custody under the authority of Form I–200, Warrant of Arrest." (emphasis added). A notice to appear gives the alien notice of the alleged grounds for removability and commences the removal proceeding, in which the detainee can challenge both removal and detention. An alien arrested before issuance of a notice to appear has no notice of the underlying reason for the arrest or an opportunity to challenge it.

The government violated Cardona Fonseca's right to due process by arresting and detaining him without a warrant and before he was in removal proceedings. "ICE does not have free-ranging ability to arrest and detain people, and figure out the reasons later, like they apparently did here." *Gopie v. Lyons*, No. 25-cv-5229-SJB, 2025 WL 3167130, at *3 (E.D.N.Y. Nov. 13, 2025)

Accordingly, it is hereby

**ORDERED**:

Mitsuo Yasui Cardona Fonseca's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED.**

(1) The respondents shall release Cardona Fonseca within 24 hours of this Order and give him telephone access so he can arrange transportation from the detention facility.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on September 2, 2026.

Sheri Polster Chappell
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record